IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01079-WDM-PAC

JAMES LAMER ANDERSON,

    Plaintiff(s),

v.

MARILYN MADDOCKS,
DISTRICT ATTORNEY ADRIENNE GREEN,
DETECTIVE GILBERTO LUCIO,

    Defendant(s).

---

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

O. Edward Schlatter, United States Magistrate Judge

This is a *pro se* prisoner civil rights action under 42 U.S.C. §1983.  The matters before the court are: (1) Motion to Dismiss from Defendant Adrienne Greene (Doc. #34), filed August 3, 2006; (2) Renewed Motion to Dismiss from Defendant Adrienne Greene (Doc. #46), filed August 17, 2006; (3) Defendant Gilberto Lucio's Motion for Summary Judgment (Collateral Estoppel) (Doc. #55), filed August 29, 2006; (4) [Defendant Marilyn Maddocks'] Motion to Dismiss for Failure to State a Claim (Doc. #62), filed September 18, 2006; and (5) Motion to Strike Plaintiff's Sur-Reply (Doc. #92), filed December 27, 2006. A June 29, 2006 Order of Reference referred this case to former United States Magistrate Judge Patricia A. Coan to conduct pretrial proceedings and to issue recommendations for rulings on dispositive motions.  Upon Magistrate Judge Coan's retirement,  I assumed her caseload pending the hiring of a new United States Magistrate Judge.  The motions are fully briefed and are ripe for disposition.

I.

The record contains the following relevant facts and evidence, derived from the Amended Complaint, filed August 16, 2006, defendant Gilberto Lucio's Motion for Summary Judgment ("MSJ"), and plaintiff's responses to the defendants' motions.

Plaintiff claims in his Amended Complaint that defendant Marilyn Maddocks violated his Fourth Amendment right to be free from unreasonable seizures, his Fourteenth Amendment rights not to be deprived of his liberty without due process of law, and his Fourteenth Amendment right to equal protection under the laws, when Maddocks falsely reported to police officers that plaintiff abducted her from outside a pawn shop in Lakewood on February 21, 2006, drove her to a location in Denver, and repeatedly choked and raped her over a twelve-hour period.

Plaintiff claims that defendant Denver police detective Gilberto Lucio falsely arrested him on March 11, 2006 without probable cause, in violation of his Fourth Amendment rights, and illegally detained him in violation of his Fourteenth Amendment due process rights. Plaintiff alleges the following facts in support of his claims against Lucio: Plaintiff told Lucio that he did not commit the crimes and that Lucio should go to an apartment in Denver's Capitol Hill neighborhood and talk to a man named "Peaches," but Lucio failed to do so; Maddocks described her attacker to police as weighing approximately 350 pounds, but plaintiff weighs only 260 pounds; Maddocks described the attacker as having "wings" on his chest; the "Statement of Probable Cause" that plaintiff received in discovery in the state criminal action was not signed, but the Statement of Probable Cause provided to the court at the preliminary hearing is signed by defendant

Lucio and dated March 12, 2006; Maddocks failed to identify plaintiff in a photographic array of possible suspects. (*See* Amended Compl, Section D, Claim Two; Plaintiff's Response to MSJ (Doc. #94))

For his third claim, Plaintiff asserts that defendant Assistant Denver District Attorney Adrienne Greene violated his Fourth Amendment right to be free from an unreasonable seizure and his Fourteenth Amendment due process rights when she "proceed[ed] to prosecute the plaintiff when she knew [or should have known] that [Maddocks] was not telling the truth" in light of the following: (1) Maddocks' inconsistent statements about the way she was "kidnapped"; (2) Maddocks has a history of drug abuse and was on probation for a drug conviction; (3) plaintiff weighs substantially less than the person Maddocks described as her attacker; (4) the medical reports do not corroborate Maddocks' story that she was choked forcefully nine times; (5) Maddocks said that her attacker was not wearing a mask, but Maddocks could not identify him in a photographic array; (6) Maddocks told Greene that her attacker would fall asleep in 10-15 minute intervals, but Maddocks did not try to escape. (Amended Compl., Sect. D, Claim Three, and attached exhibits)

On March 16, 2006, the Denver District Attorney filed a Complaint and Information against plaintiff in the County Court, City and County of Denver, charging plaintiff with one count of sexual assault and one count of second degree kidnapping, in violation of the Colorado Criminal Code, for offenses committed on February 21 and 22, 2006. (MSJ, Ex. A)

Plaintiff requested a preliminary hearing which was held on April 11, 2006. (MSJ, Ex. D) Defendant Lucio testified at the hearing about the details of the alleged sexual

assault and kidnapping as recounted to him by the victim, defendant Maddocks. (*Id.*, at 5-6) Defendant Lucio also testified about his investigation of Maddocks' complaint. (*Id.* at 5-16) Lucio was cross-examined by plaintiff's public defender, but did not present any additional evidence. (*Id.* at 16-32, 34) At the conclusion of the hearing, the Denver County Court Judge found probable cause to bind plaintiff over for trial on the charged offenses. (*Id.* at 34)

Plaintiff claims that defendants Maddocks, Lucio and Greene unlawfully conspired under §1983 to falsely arrest and prosecute him for the crimes of sexual assault and kidnapping. (Amended Compl., Sect. C)

Plaintiff requests monetary relief from each defendant and asks the court to order defendant Greene to dismiss the state criminal charges against him. (Amended Compl., Sect. G)

II.

Defendants Greene and Maddocks move to dismiss the Amended Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief.

I accept well-pleaded factual allegations as true in considering a Rule 12(b)(6) motion and resolve all reasonable inferences in plaintiff's favor. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see, also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948

F.2d at 1565. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend." *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir.1999).

I construe plaintiff's pleadings liberally and together because he is *pro se. Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although a *pro se* litigant should be given a reasonable opportunity to remedy defects in his pleadings if his factual allegations are close to stating a claim for relief, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id.* Moreover, I will not construct legal theories which assume facts that have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor am I obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Defendant Lucio moves for summary judgment under Fed.R.Civ.P. 56 on plaintiff's claims against him.

The purpose of summary judgment is to determine whether trial is necessary. *White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When applying this standard,

the court reviews the pleadings and documentary evidence in the light most favorable to the non moving party. *Gray v. Phillips Petroleum*, 858 F.2d 610, 613 (10th Cir. 1988). To defeat a properly supported motion for summary judgment, "there must be evidence upon which the jury could reasonably find for the plaintiff." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Speculation, supposition and unsupported factual allegations will not establish an issue of material fact necessitating trial. *Handy v. Price,* 996 F.2d at 1064, 1068 (10th Cir. 1993).

III.

A.    Defendant Greene's Motion to Dismiss Based on Prosecutorial Immunity

Defendant Greene moves to dismiss plaintiff's §1983 claims against her for monetary relief as barred by the doctrine of prosecutorial immunity.

Plaintiff's Amended Complaint, filed August 16, 2006, alleges that defendant Greene "proceed[ed] to prosecute plaintiff when she knew [or should have known] that People's witness was not telling the truth and by doing so deprived plaintiff of equal protection of the law." (Amended Complaint, Section D, Claim Three)    Plaintiff's claim against defendant Greene arises from Greene's role in allegedly initiating a criminal prosecution against plaintiff and in presenting the State's case against him.

A criminal prosecutor enjoys absolute immunity from damages under §1983 when he "initiat[es] a prosecution and . . . present[s] the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976); *see, also, Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial

6

proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.")

Prosecutorial immunity applies even where the §1983 plaintiff claims that the prosecutor presented false testimony from a witness. *Imbler*, 424 U.S. at 426 ("The veracity of witnesses in criminal cases frequently is subject to doubt before and after they testify. . . If prosecutors were hampered in exercising their judgment as to the use of such witnesses by concern about resulting personal liability, the triers of fact in criminal cases often would be denied relevant evidence.")

Plaintiff alleges in his response brief that defendant Greene also assisted the police in investigating plaintiff as a suspect before formal criminal charges were filed against him. (Plaintiff's Response, Doc. #91, at 8-12)

Absolute immunity does not extend to a prosecutor's conduct taken in an investigatory capacity. *See Burns v. Reed*, 500 U.S. 478-492-95 (1991); *Buckley*, 509 U.S. at 274-76. Instead, such conduct is protected by qualified immunity. *Buckley*, 509 U.S. at 275.

Defendant Greene objects to the new allegations in plaintiff's response brief and argues that plaintiff should not be allowed to amend his complaint again at this late date. Alternatively, defendant asks that the court convert her motion to dismiss into a motion for summary judgment and submits an affidavit stating that she did not participate in the investigation of the criminal charges against plaintiff, was not involved in the decision to file criminal charges against plaintiff, and did not file the criminal charges against plaintiff. (Declaration of Adrienne Green, attached as Ex. 2 to Reply in Support of Renewed Motion

7

to Dismiss)  Greene states that she was assigned to plaintiff's case when the case was randomly assigned to Greene's assigned  courtroom in the Denver District Court.  (*Id.*)

On August 10, 2006, this court issued an order allowing plaintiff <u>one</u> opportunity to file an Amended Complaint to cure any deficiencies in his pleading by September 12, 2006. Plaintiff filed an amended complaint on August 16, 2006.  Plaintiff then filed another motion to amend (Doc. #43) which the court denied for failure to comply with the August 10, 2006 Minute Order and because plaintiff did not state any new facts in support of his claims.  *See* August 23, 2006 Minute Order.  Plaintiff did not raise any allegations in Doc. #43 that defendant Greene acted in an investigative capacity when she allegedly violated his constitutional rights.

I recommend that plaintiff not be allowed another opportunity to amend his pleading to allege facts against defendant Greene showing actions taken by her in an investigative capacity.  *Pro se* litigants must follow court orders the same as other litigants.  *See Debardeleben v. Pugh,* 85 Fed.Appx. 142, 145 (10th Cir. (Colo.) 2004).[1]

Further, even if I did consider plaintiff's new allegations, in both his response to defendant Greene's renewed motion to dismiss (Doc. #91), and in his sur-reply (Doc. #98), I find that they are conclusory and do not state specific facts to show that defendant Greene provided legal advice to the police or assisted the police in investigating defendant Maddocks' complaint.  *See Hall v. Bellmon*, 935 F.2d at 1110.

Accordingly, plaintiff's constitutional claims for monetary relief against defendant Greene should be dismissed based on prosecutorial immunity.  Although prosecutorial

---

[1] A copy of *Debardeleben* is attached to the Recommendation.

immunity does not bar claims for injunctive relief, *see Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 736-37 (1980), this federal court is generally precluded, absent a showing of extraordinary circumstances, from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 54 (1971); *see, also*, 28 U.S.C. §2283 (federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.") Because no showing of extraordinary circumstances has been made here, plaintiff's claims against defendant Greene for injunctive relief should be dismissed under *Younger.*

I need not consider defendant Greene's request, in her Reply brief, to convert her renewed motion to dismiss into a motion for summary judgment. I will deny Defendant Greene's Motion to Strike Plaintiff's Sur-Reply (Doc. #92), filed December 27, 2006, because I have considered plaintiff's allegations in that document in concluding that plaintiff has failed to state a claim against defendant Greene for acting as an investigator or legal advisor to the police before the Complaint and Information was filed against plaintiff in Denver County Court.

B.      Defendant Lucio's Motion for Summary Judgment

Defendant Lucio moves for summary judgment on plaintiff's claims against him on the basis of collateral estoppel. Defendant argues that the Denver County Court's probable cause determination has preclusive effect in this §1983 action.

Plaintiff's amended complaint asserts claims against defendant Lucio under §1983 for illegal arrest and detention, in violation of plaintiff's Fourth and Fourteenth Amendment

rights.

Plaintiff alleges that Denver police detective Lucio arrested him on March 11, 2006 without probable cause and failed to properly investigate Maddocks' charges against plaintiff. Plaintiff states that he told Lucio that he did not commit the crimes, that plaintiff and Maddocks smoked crack cocaine and had consensual sex at an apartment in Denver's Capitol Hill neighborhood on the night in question, and that plaintiff directed Lucio to an the apartment building to talk to a man named "Peaches," but Lucio failed to investigate that lead. (*See* Amended Compl, Section D, Claim Two; MSJ, Ex, C, Statement of Probable Cause, at 2) Plaintiff also alleges the following facts point to a lack of probable cause: Maddocks described her attacker to police as weighing approximately 350 pounds, but plaintiff weighs only 260 pounds; Maddocks described the attacker as having "wings" on his chest; the "Statement of Probable Cause" that plaintiff received in discovery in the state criminal action was not signed, but the Statement of Probable Cause provided to the court at the preliminary hearing is signed by defendant Lucio and dated March 12, 2006; Maddocks failed to identify plaintiff in a photographic array of possible suspects. (*Id.,* Plaintiff's Response to MSJ (Doc. #94), at 15)

State tort law provides the starting point for analyzing constitutional claims for wrongful arrest and detention under §1983; however, the ultimate inquiry is whether there has been a deprivation of a constitutional right. *Grubbs v. Bailes*, 445 F.3d 1275, 1278 (10th Cir. 2006)(internal citations omitted). Here, the constitutional right is the Fourth Amendment's right to be free from unreasonable seizures, and possibly, the Fourteenth Amendment right not to be deprived of liberty without due process of law. *See Pierce v.*

10

*Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir.2004)(recognizing that "initial seizure is governed by the Fourth Amendment," *see* Albright v. Oliver, 510 U.S. 266 (1994), "but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause").

Under Colorado law, false arrest arises when an individual is taken into custody by a police officer who claims but does not have probable cause to believe that an offense has been committed and that the person who was arrested committed it. *See Enright v. Groves*, 560 P.2d 851, 853 (Colo. App. 1977)(citing W. Prosser, Torts s 11 (4th ed.)).

A preliminary hearing was held in plaintiff's state criminal case, *People v. James Anderson*, Case No. 06-CR-01631, in Denver County Court on April 11, 2006. (MSJ, Ex. D)  At the conclusion of that hearing, the judge found that probable cause existed to bind the plaintiff over for trial on the charged offenses. (*Id.* at 34)

A federal court considering a §1983 action must give preclusive effect to a state court judgment to the same extent that a court in that state would. *Allen v. McCurry*, 449 U.S. 90, 96 (1980).  The preclusive effect of a prior state court judgment is defined by that state's law.  *Hubbert v. City of Moore, Okla.*, 923 F.2d 769, 772 (10th Cir. 1991). Accordingly, I look to Colorado law to determine whether the probable cause finding made at plaintiff's preliminary hearing in the Denver County Court collaterally estops consideration of that issue in this §1983 action.

The elements of collateral estoppel under Colorado law are:

> (1) the issue sought to be precluded must be identical to an issue actually and necessarily decided at a prior proceeding;
> (2) there must have been a final judgment on the merits at the

> first proceeding; (3) there must be identity of parties or privity between the parties against whom the doctrine is asserted; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Williamson v. People*, 735 P.2d 176, 182 (Colo. 1987).

In *Schenk v. Minolta Office Systems, Inc.*, 802 P.2d 1131, 1134 (Colo.App. 1990), the Colorado Court of Appeals held that a state county court's finding of probable cause in a preliminary hearing was not binding on the plaintiff in a later civil suit because the plaintiff did not have a full and fair opportunity to litigate the issue in the earlier proceeding. The court stated: "A party against whom collateral estoppel is asserted does not have a full and fair opportunity to litigate an issue if there was not an adequate incentive to contest that issue in the initial proceeding." *Id.* The court recognized that all inferences must be drawn in favor of the prosecution at a preliminary hearing, and all evidence is viewed in a light most favorable to the prosecution. *Id.* (citing *People v. Spurrier*, 712 P.2d 486 (Colo. 1986)). In *Schenk*, the Colorado Court of Appeals also held that collateral estoppel did not apply because the probable cause issue was not the same in the two proceedings: "The sole focus at the preliminary hearing was whether the state had probable cause to believe plaintiff committed a crime. However, in the malicious prosecution proceeding, the issue was whether the defendants had probable cause to believe plaintiff committed the crime." *Id.* at 1134-35.

Plaintiff's court-appointed public defender cross examined defendant Lucio at the preliminary hearing about his probable cause statement. (MSJ, Ex. D, at 16-32) However, plaintiff did not present his case at the preliminary hearing. Moreover, the judge at the

preliminary hearing did not confront the issue of whether defendant Lucio made false statements at the preliminary hearing.  Plaintiff alleges in his Response brief that defendant Lucio falsely testified at the preliminary hearing that plaintiff told Lucio during an interview that he had anal sex with defendant Maddocks, that he had sexual intercourse with Maddocks in the backseat of an abandoned car at 17th and York Streets, and that the medical records showed that Maddocks had some bruising on her body. (Plaintiff's Response to MSJ (Doc. #94), at 15; Ex. D at 12-14).  Accordingly, under Colorado law, plaintiff did not have a full and fair opportunity to litigate the probable cause issue at the preliminary hearing.  Further, as noted in *Schenk*, the probable cause issue in this §1983 action – whether defendant Lucio had probable cause to arrest[2] and detain the plaintiff pending trial – is different from the probable cause issue at the preliminary hearing.  Accordingly, I recommending finding that the Denver County Court's probable cause determination in plaintiff's criminal case does not have preclusive effect in this civil suit. Because defendant Lucio does not move for summary judgment on any ground other than issue preclusion, I recommend that the motion for summary judgment be denied.[3]

---

[2] "'Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.'" *Tanberg v. Sholtis,* 401 F.3d 1151, 1159)(10th Cir. 2005)(quoting *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)).

[3] I note that if plaintiff is convicted of the criminal charges upon which probable cause to try him was found during the pendency of this §1983 action, he cannot maintain his false arrest and detention claims without showing that his criminal conviction(s) "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." See *Heck v. Humphrey*, 512 U.S. 477, 486-487 and n.6 (1994); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558-59 (10th Cir. 1999).  Further, "conviction of the crime for which one is specifically arrested is a complete defense to a subsequent claim of false arrest." *Enright*, 560 P.2d at 853.

Plaintiff also claims that defendant Lucio violated his Fourteenth Amendment right to equal protection of the laws by failing to properly investigate defendant Maddocks' complaint. To state a claim under the Equal Protection Clause, plaintiff must allege facts to show that he was treated differently than other similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). Because plaintiff does not allege specific facts to show that defendant Lucio treated him differently than other similarly situated individuals, I recommend, *sua sponte*, under 28 U.S.C. §1915(e)(2)(B)(ii), that plaintiff's equal protection claim be dismissed.

C.   Defendant Maddocks' Motion to Dismiss

Defendant Maddocks moves to dismiss plaintiff's §1983 claims against her on the ground that she is a private citizen, and did not act under color of state law when she reported the commission of a criminal offense against her.

A plaintiff bringing a §1983 action must allege that the defendant deprived him of a constitutional right while acting under color of law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). A private party acts under color of law when he acts jointly with state actors to cause a constitutional deprivation. *See Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000); *see, also, Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970)("To act under color of law does not require that the accused be an officer of the state. It is enough that he is a wilful participant in joint activity with the State and its agents")(internal citations and quotations omitted).

Wilful joint action can be demonstrated by showing that a state and private actor engaged in a conspiracy. *See Anaya v. Crossroads Managed Care Systems*, 195 F.3d

14

584, 596 (10th Cir. 1999); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).  When the plaintiff seeks to prove state action by a private actor based on a conspiracy theory, plaintiff must allege facts to show that both the public and private actors share a common, unconstitutional goal.  *See Anaya*, 195 F.3d at 596.   Plaintiff must also allege specific facts to show agreement and concerted action.  *See Hunt*, 17 F.3d at 1268; *see, also, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)("When a plaintiff in a §1983 action attempts to assert the necessary `state action' by implicating state officials . . . in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.")

Plaintiff alleges that defendant Maddocks falsely reported to defendant Lucio that plaintiff abducted her from a pawn shop in Lakewood and repeatedly raped her over the course of approximately twelve hours so that Lucio would arrest plaintiff, and that Lucio thereafter arrested plaintiff without adequately investigating Maddocks' charges and without probable cause.  Plaintiff asserts that defendant Maddocks conspired with defendant Denver Detective Lucio, and defendant Greene, the assistant Denver District Attorney, to deprive him of his Fourth Amendment right to be free of unreasonable seizures and his Fourteenth Amendment due process rights.[4]

A private party who reports criminal activity to state officials "who then take whatever action they believe the facts warrant" cannot be held liable as a "state actor"

---

[4] I do not consider plaintiff's §1983 conspiracy claim against defendant Greene based on my recommendation that the claims against Greene be dismissed on the ground of prosecutorial immunity.

under §1983. *Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112, (10th Cir. 1987); *see, also, Lugar,* 457 U.S. at 939, n. 21 ("[W]e do not hold today that `a private party's mere invocation of state legal procedures constitutes "joint participation" or "conspiracy" with state officials satisfying the § 1983 requirement of action under color of law.'"). Instead, plaintiff must allege facts to show that his arrest "'resulted from . . . concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1454 (10th Cir. 1995) (quoting *Carey v. Continental Airlines Inc.*, 823 F.2d 1402, 1404 (10th Cir.1987)). If the police make an independent decision to arrest, the party reporting the criminal activity has not acted under color of law. *Gallagher*, 49 F.3d at 1402.

I recommend finding that plaintiff's allegations are insufficient to show that defendant Maddocks engaged in the requisite state action so that she can be held liable under §1983. Plaintiff does not allege any specific facts to show concerted action between Maddocks and officer Lucio to arrest the plaintiff without probable cause, nor has plaintiff alleged any facts to show an agreement between Maddocks and Lucio to deprive plaintiff of his constitutional rights. Plaintiff alleges only that Lucio failed to talk to a man named "Peaches." Lucio's failure to locate a witness allegedly favorable to plaintiff does not establish that Lucio did not independently investigate Maddocks' complaint. Moreover, Maddocks did not identify plaintiff as her attacker when she made the complaint, or in a photographic array. (*See* exhibits attached to Amended Compl.) Accordingly, plaintiffs' §1983 claims against defendant Maddocks' should be dismissed.

IV.

For the reasons discussed above, it is

**RECOMMENDED** that Motion to Dismiss from Defendant Adrienne Greene (Doc. #34) be **DENIED AS MOOT**. It is

**FURTHER RECOMMENDED** that Renewed Motion to Dismiss from Defendant Adrienne Greene (Doc. #46), filed August 17, 2006, be **GRANTED**. Plaintiff's claims against defendant Adrienne Greene should be **DISMISSED** in their entirety. It is

**FURTHER RECOMMENDED** that Defendant Gilberto Lucio's Motion for Summary Judgment (Collateral Estoppel) (Doc. #55), filed August 29, 2006 be **DENIED**. It is

**FURTHER RECOMMENDED** that plaintiff's Fourteenth Amendment equal protection claim against defendant Lucio be **DISMISSED** *sua sponte* for failure to state a claim upon which relief can be granted.

**FURTHER RECOMMENDED** that [Defendant Marilyn Maddocks'] Motion to Dismiss for Failure to State a Claim (Doc. #62), filed September 18, 2006, be **GRANTED**. It is

**ORDERED** that Motion to Strike Plaintiff's Sur-Reply (Doc. #92), filed December 27, 2006, be **DENIED.**

**The claims remaining if this Recommendation is adopted are plaintiff's Fourth and Fourteenth Amendment false arrest/detention claims against defendant Lucio.**

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of**

**those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated February 27, 2007.

          BY THE COURT:

          s/ O. Edward Schlatter
          O. EDWARD SCHLATTER
          United States Magistrate Judge