IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01079-WDM-PAC

JAMES LAMER ANDERSON,

    Plaintiff,

v.

MARILYN MADDOCKS, DISTRICT ATTORNEY ADRIENNE GREEN, DETECTIVE GILBERTO LUCIO,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge O. Edward Schlatter (doc no 104), issued February 27, 2007, concerning the Motions to Dismiss filed by Defendant Adrienne Greene ("Greene") (docs no 34, 46), the Motion for Summary Judgment filed by Defendant Gilberto Lucio ("Lucio") (doc no 55), the Motion to Dismiss filed by Defendant Marilyn Maddocks ("Maddocks") (doc no 62), and the Motion to Strike Plaintiff's Sur-Reply (doc no 92). Plaintiff filed a timely objection to the recommendation. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the Complaint and Amended Complaint, the motions, the recommendation, and Plaintiff's objections. For the reasons that follow, I accept the recommendation.

Plaintiff has filed this lawsuit seeking relief for alleged constitutional violations in connection with his arrest on March 11, 2006. Maddocks is the complaining witness.

Plaintiff contends that Maddocks falsely reported that Plaintiff abducted her and then repeatedly choked and sexually assaulted her.  Plaintiff alleges that Lucio, the investigating officer, arrested him without probable cause and then failed to investigate exonerating evidence.  Finally, he alleges that Greene prosecuted him in violation of the Fourth and Fourteenth Amendment because she knew or should have known that Maddocks was not telling the truth.

Magistrate Judge Schlatter recommended dismissal of the claims against Greene based on prosecutorial immunity and because no extraordinary circumstances exist that would justify injunctive relief interfering with an ongoing state criminal proceeding. Although Plaintiff conclusorily asserted in various pleadings that Greene is not entitled to immunity because she assisted the police in investigating him or provided legal advice to police, Magistrate Judge Schlatter concluded that Plaintiff had alleged no facts that would support these contentions.  In his objections, Plaintiff repeats his arguments concerning inconsistencies in Maddocks's account and Greene's alleged prosecutorial misconduct. In addition, he asserts that Greene prevented him from obtaining exculpatory evidence from a car alleged to be the scene of the crime, as the car has now been auctioned off. Plaintiff has not described how Greene was responsible for the disposition of the car or how he was prevented from obtaining evidence before the car was auctioned.  Moreover, the allegation, even if true, would not preclude the application of prosecutorial immunity. *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n. 4 (10th Cir.1991) ("[I]t is now a well-settled rule that a prosecutor cannot be held personally liable for the knowing suppression of exculpatory information.") (quotations, citations, alterations omitted).

Accordingly, I agree with Magistrate Judge Schlatter that the claims against Greene should be dismissed.

Magistrate Judge Schlatter also recommended that Lucio's Motion for Summary Judgment, based on collateral estoppel, be denied. Specifically, Lucio argued that the determination at the state probable cause hearing precluded re-litigation of whether Lucio had probable cause to arrest Plaintiff. Magistrate Judge Schlatter disagreed, citing *Schenk v. Minolta Office Systems, Inc.,* 802 P.2d 1131 (Colo. App. 1990) and concluding that a state court's finding of probable cause in a preliminary hearing is not binding on the plaintiff in a later civil suit because the plaintiff did not have a full and fair opportunity to litigate the issue in the earlier proceeding. Lucio has not objected to the Magistrate's recommendation. I agree with Magistrate Judge Schlatter that the issues in the probable cause hearing and in this case are different and that Plaintiff is not collaterally estopped from litigating whether Lucio had probable cause to arrest him.

Finally, Magistrate Judge Schlatter recommended that the claims against Maddocks be dismissed because she is not a state actor. In response to Maddocks's motion, Plaintiff alleged that she acted in conspiracy with Greene and Lucio. Magistrate Judge Schlatter rejected this argument, concluding that Plaintiff had alleged no facts showing concerted action or an agreement among the defendants to unlawfully deprive Plaintiff of his constitutional rights. In his objections, Plaintiff appears to argue that the falsity of Maddocks's statements demonstrates that Greene and Lucio could have no motive but to "mislead justice." I agree with Magistrate Judge Schlatter that the facts alleged by Plaintiff are insufficient to show that Maddocks engaged in any state action or that any concerted

action, agreement, or conspiracy existed between Maddocks and any of the state defendants. Therefore, the claims against Maddocks should be dismissed.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Schlatter (doc no 104), issued February 27, 2007, is accepted.

2. Greene's Motion to Dismiss (doc no 34) is denied as moot. Greene's Renewed Motion to Dismiss (doc no 46) is granted. The claims against Adrienne Greene are dismissed in their entirety.

3. Lucio's Motion for Summary Judgment (doc no 55) is denied.

4. The Motion to Dismiss filed by Maddocks (doc no 62) is granted. The claims against Marilyn Maddocks are dismissed in their entirety.

5. The Motion to Strike Plaintiff's Sur-Reply (doc no 92) is denied.

DATED at Denver, Colorado, on March 23, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge