IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01079-WDM-KLM

JAMES LAMER ANDERSON,

    Plaintiff(s),

v.

DETECTIVE GILBERTO LUCIO,

    Defendant(s).
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion to Give Notice and Ask for Stay of Judgments and Answers to Motion from Plaintiff [Docket No. 172; Filed January 23, 2008] ("Motion to Stay").

    In order to put the Court's ruling in context, it is necessary to discuss the recent procedural history of this case. On January 16, 2008, Defendant filed a Motion Requesting Permission to Supplement Defendant Gilberto Lucio's Motion for Summary Judgment, Doc 121 [Docket No. 169] ("Motion to Supplement"). The Court directed Plaintiff to file a response, if any, by February 11, 2008 [Docket No. 171]. Subsequent to the Court's Order, Plaintiff filed a Motion to Stay, seeking a 120-day extension of his case to allow him time to respond to the Motion to Supplement. It appears that Plaintiff filed the Motion to Stay without the knowledge that the deadline for his response had already been set.

    IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED in part and**

**DENIED in part**.  To the extent that Plaintiff requests a 120-day stay of his case, the motion is **denied**.  Stays are generally disfavored in this District, and the Court is not inclined to deviate from the common practice here.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, at *1 (D. Colo. 2007).  However, the Court interprets Plaintiff's motion, in the alternative, as a motion for extension of time to respond to the Motion to Supplement.  To the extent that Plaintiff requests additional time to respond, the motion is **granted**.  Plaintiff shall have up to and including **March 3, 2008** to respond to Defendant's Motion to Supplement.  Specifically, Plaintiff's response should include (1) a position on whether the Court should permit Defendant to supplement his Motion for Summary Judgment; and (2) a position on the merits of Defendant's supplemental argument [Docket No. 169-3] regarding whether Plaintiff is barred from pursuing his § 1983 action due to his recent conviction, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Dated:  January 30, 2008