IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01079-WDM-PAC

JAMES LAMER ANDERSON,

    Plaintiff,

v.

DETECTIVE GILBERTO LUCIO,

    Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

    This matter is before me on the Motion for Summary Judgment (doc no 121) and the Motion to Supplement Motion for Summary Judgment (doc no 169). Following my order of March 23, 2007 and subsequent clarification of that order, the only issue remaining in this case is Plaintiff's claim of wrongful arrest against Detective Gilberto Lucio. I referred Lucio's motions to Magistrate Judge Kristen L. Mix but now withdraw those referrals and will rule on the pending motions directly.

    Plaintiff contends that Lucio lacked probable cause at the time he arrested Plaintiff without a warrant. Lucio's Motion for Summary Judgment sought summary judgment based on qualified immunity. In the proposed supplement, Lucio offers evidence that Plaintiff was convicted of the offenses for which he was arrested by Lucio, which precludes Plaintiff's claim of wrongful arrest unless the conviction is thereafter invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("when a state prisoner seeks damages in a §

1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Enright v. Groves*, 560 P.2d 851, 853 (Colo. App. 1977) ("Conviction of the crime for which one is specifically arrested is a complete defense to a subsequent claim of false arrest."). I conclude that this case falls within the mandate of *Heck* and is therefore premature.

Under the circumstances, it does not appear that Plaintiff can maintain this action unless his conviction is invalidated, reversed, or expunged in some way. Accordingly, I conclude that the most appropriate course of action at this time is to administratively close this case pending final determination of Plaintiff's criminal conviction.[1] I note that if Plaintiff is successful in challenging his conviction, the statute of limitations on Plaintiff's claim would not accrue until such time as the conviction is legally set aside. *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999). If the parties can show good cause to reopen this matter within one year of the date of this order, they may so move. Otherwise, this matter will be dismissed without prejudice.

Accordingly, it is ordered:

1. Defendant Lucio's Motion for Summary Judgment (doc no 121) is denied without prejudice.

2. Defendant's Motion to Supplement Motion for Summary Judgment (doc no

---

[1] I note that Magistrate Judge Mix granted Plaintiff until March 3, 2008 to respond to the Motion to Supplement. Plaintiff may submit his response and I will consider whether it provides good cause to reopen this matter.

169) is granted.

3. This matter shall be administratively closed for a period of one year. If, after one year, the parties have not shown good cause to reopen this case, the case shall be dismissed without prejudice.

DATED at Denver, Colorado, on February 8, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge